UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RUSSELL,

    Plaintiff,

v.

MARIETTE BERKSHIRE, et al.,

    Defendants.
_____/

Case No. 1:19-cv-1014

Honorable Hala Y. Jarbou

# ORDER

This is a civil rights action filed by a transgender prisoner who claims that Defendants were deliberately indifferent to her safety. Defendants moved for summary judgment on the basis that Plaintiff failed to exhaust her available administrative remedies before bringing suit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). On June 18, 2020, the magistrate judge entered a Report and Recommendation (R&R) recommending that the Court grant Defendants' motion and dismiss the complaint due to lack of exhaustion (ECF No. 24). Before the Court are Plaintiff's objections to the R&R, and brief in support thereof (ECF Nos. 28, 29).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge noted that Plaintiff pursued only one grievance related to the subject matter of her complaint through all three steps of the grievance process. (R&R 7.) Prison staff rejected this grievance because it was too vague; it did not comply with prison policy and it "fail[ed] to give prison officials notice of the nature of a claim or against whom such is directed[.]" (*Id.* at 8.) Plaintiff made conclusory allegations of harassment and discrimination by inmates and prison staff unsupported by any facts. She failed to describe any specific acts of harassment or discrimination, and she did not identify any individuals involved in that conduct. Because Plaintiff failed to file a proper grievance in accordance with prison policy, she failed to exhaust her administrative remedies.

Plaintiff contends that she did, in fact, name individuals in her Step I grievance; however, the record supports the magistrate judge's findings. Plaintiff asserted in her Step I grievance that, in order to resolve her issues, she spoke with "PC Robinson, PC Battle," and the "Psych dept." (Step I Grievance, ECF No. 17-3, PageID.84.) She also "kited A/Rum Bolten." (*Id.*) But she did not describe her underlying issues with sufficient clarity or indicate who committed the conduct that she complained about. She did not contend that the individuals she spoke with were responsible for the harassment or discrimination. Instead, she simply asserted that "staff as well as inmates" were responsible. (*Id.*) And she did not assert, as she contends in her objections, that her cellmate was seeking sexual favors from her. Thus, the Court agrees that the grievance was not adequate to exhaust her administrative remedies with respect to any of the claims in her complaint.

Plaintiff insists that "there is nothing to exhaust" because Defendants were on notice of her claims. (Pl.'s Br. in Supp. of Objs. 6, ECF No. 29.) But whether or not Defendants had notice of

2

her claims, the PLRA required Plaintiff to exhaust the administrative remedies available to her. She failed to satisfy that requirement.

Plaintiff contends that Defendants' motion for summary judgment was procedurally improper because they filed it the day before the Court entered a case management order. However, nothing in the Court's local rules or the Federal Rules of Civil Procedure prohibited Defendants from filing their motion before the case management order. Indeed, a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Discovery had not closed in this matter, so the motion was not improper.

Plaintiff also contends that she did not have an opportunity for discovery. If the lack of discovery prevented her from adequately responding to Defendants' motion, then she should have raised that issue to the magistrate judge. *See* Fed. R. Civ. P. 56(d) (permitting a party responding to a motion for summary judgment to show "that, for specified reasons, it cannot present facts essential to justify its opposition"). She did not do so. Moreover, she has not indicated why discovery is necessary. She does not contend, for instance, that there is other evidence that would show that she properly exhausted her administrative remedies.

Plaintiff also contends that exhaustion is not necessary because the grievance process was not available to her. *See* 42 U.S.C. § 1997e(a) (requiring prisoner to exhaust "such administrative remedies as are available"). The magistrate judge examined Plaintiff's assertions about the availability of the grievance process and determined that they were conclusory; Plaintiff failed to articulate facts or specifics supporting her allegations. (*See* R&R 11.) The Court discerns no error in that determination.

Plaintiff contends for the first time in her objections that the grievance process was not "available" to her after the prison rejected her grievance at Step I of the grievance process. She

waived this argument by failing to present it to the magistrate judge in the first instance. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that, "absent compelling reasons," the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the magistrate"). Moreover, the grievance process was not "unavailable" to Plaintiff; rather, she failed to comply with it.

Plaintiff also objects to the dismissal of all her claims. She contends that even if she failed to exhaust one of her claims, she did not fail to exhaust the others. Although the magistrate judge discussed each of Plaintiff's claims separately, the same reasoning applies to all her claims. Plaintiff pursued only one grievance through all three steps of the prison grievance process. That grievance was not adequate to exhaust any claims.

In short, the Court discerns no error in the R&R. Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 28) are **DENIED** and the R&R (ECF No. 24) is **ACCEPTED** and **ADOPTED** as the Opinion of the Court.

 **IT IS FURTHER ORDERED** that, for the reasons herein and in the R&R, Defendants' motion for summary judgment (ECF No. 16) is **GRANTED**.

A judgment will enter in accordance with this order.


Dated:   November 5, 2020                              /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                      UNITED STATES DISTRICT JUDGE